ALLEN, Judge.
Appellants, plaintiffs below, David L. An-nis and Janice R. Annis, appeal from a final judgment following a jury verdict in favor of First Union National Bank of Florida and Gene E. Porter in a negligence action growing out of the collision of two automobiles. We find that the trial court erred in precluding appellants from introducing a portion of the transcript of Porter’s pretrial deposition during appellants’ rebuttal case. Since the deposition transcript would have contradicted critical trial testimony given by Porter, and bolstered by an expert witness who testified in behalf of appellees, we find that the trial court reversibly erred. Consequently, we reverse the final judgment and remand for a new trial.
On September 16, 1987, Joyce Burrows was driving her automobile in a southbound direction on Northwest 43rd Street in Gainesville, Florida. As she approached the intersection of Northwest 43rd Street and Northwest 31st Avenue, Gene E. Porter, an employee of First Union National Bank, drove his vehicle onto Northwest 43rd Street from Northwest 31st Avenue and also headed in a southbound direction. In order to avert a collision with Porter’s automobile, Burrows locked her brakes, causing her automobile to drift into the northbound lane of traffic, thus resulting in a collision with a vehicle driven by Janice R. Annis.
Janice R. Annis and her husband, David L. Annis, sued appellees, alleging that Janice Annis had suffered permanent injuries as a result of the collision and that her injuries had been caused by Porter’s negligent operation of his vehicle. The theory of appellants’ case was that Porter had caused the collision of the Burrows and Annis vehicles by driving his vehicle into the path of the Burrows vehicle under circumstances which gave Burrows inadequate time to slow her vehicle sufficiently to avoid a collision. The defense theory, on the other hand, was that Burrows was a great distance from the intersection when Porter began to drive his vehicle onto Northwest 43rd Street, and that there was ample time, had Burrows been properly attentive, for her to have slowed her vehicle and accommodated the entry of Porter’s automobile onto the street.
Particularly relevant to the outcome of the trial was the actual distance of the Burrows automobile from the intersection when Porter began to drive onto Northwest 43rd Street. At trial, witnesses for appellants testified that Burrows was practically entering the intersection when Porter drove onto Northwest 43rd Street, and that Burrows clearly did not have adequate space and time to slow her automobile sufficiently to remain in her lane of traffic and avert a collision. Conversely, Porter testified that the Burrows vehicle was some 240 feet north of the intersection as he began to drive his vehicle onto Northwest 43rd Street. Later in the defense case, an accident reconstruction expert, J. Patrick Parrish, reinforced Porter’s testimony on the distance by displaying charts and photographs demonstrative of the 240 foot distance which Porter had related to Parrish in preparation for trial.
On rebuttal, appellants tendered a portion of the transcript of Porter’s pretrial deposition in which Porter had testified that he was uncertain as to whether the automobile he had seen well north of the intersection prior to his entering the intersection was the Burrows automobile. In the tendered deposition testimony, Porter explained that just prior to driving into the intersection, he looked first to the left, then to the right, and then back to the left again. His testimony continued as follows:
Q. Okay. How about the second time you saw her, when you looked back to the left again, how far was she at that time?
A. I’m getting confused here because I don’t know it was her I saw. All I saw—
Q. Okay, you saw a car coming?
A. —was a car.
Q. What color was the car?
A. I don’t even know.
Q. Do you recall what color Ms. Burrows’ car was?
A. No.
Q. Or what type it was?
*275 A. No.
Upon an objection by the appellees that the tendered deposition testimony related to a prior inconsistent statement for which a proper predicate had not been laid, the trial court prohibited introduction of the tendered deposition testimony. In making its ruling, the trial court said that the tendered testimony was not proper rebuttal evidence.
Appellant argues on appeal that the tendered deposition testimony was proper rebuttal evidence in that it contradicted and tended to impeach Porter’s critical trial testimony, which had been bolstered by the testimony of Parrish. We agree. Otherwise admissible impeachment evidence in response to evidence which has been presented for the first time in the defense case is proper rebuttal evidence. The type of impeachment evidence introduced here, evidence that prior statements of an adverse witness are inconsistent with his in-court testimony, is probably the most common form of impeachment evidence. See Section 90.608(l)(a), Florida Statutes (1989).
Appellees’ basis for objection at trial, that appellants had not laid a proper predicate for presentation of impeachment evidence as to a prior inconsistent statement, is clearly without merit. Section 90.-614(2), Florida Statutes (1989), provides, “Extrinsic evidence of a prior inconsistent statement by a witness is inadmissible unless the witness is first afforded an opportunity to explain or deny the prior statement and the opposing party is afforded an opportunity to interrogate him on it” However, the subsection is expressly inapplicable to admissions of a party-opponent, as was Porter. Further, Rule 1.330(a)(2), Fla.R.Civ.P., provides, in relevant part, “The deposition of a party ... may be used by an adverse party for any purpose.”
Appellees also contend that the tendered deposition testimony was cumulative to testimony developed during the examination of Porter. However, our review of Porter’s trial testimony does not confirm appellees’ contention.
Because the excluded deposition testimony was relevant impeachment evidence going to the issue of the credibility of trial testimony on a question central to the issue of liability, we find the trial court’s exclusion of the evidence to be reversible error. Consequently, we reverse the final judgment and remand for a new trial.
ZEHMER and MINER, JJ., concur.